305 So.2d 260 (1974)
Haughton BARRETT, Appellant,
v.
Annette BARRETT, Appellee.
No. 74-288.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*261 Wallace, Kreutzer & Breslow, Miami, for appellant.
Sue R.G. Samuels, N. Miami Beach, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.) Associate Judge.
PER CURIAM.
The appellant was the respondent in an action for dissolution of marriage. In her petition, the wife prayed that the marital residence be awarded to her as lump sum alimony. In a judgment dissolving the marriage, the court so ordered. The correctness of the latter ruling is challenged by the respondent-appellant. We hold no error has been shown.
The court designated the award of the property to the wife as rehabilitative alimony. That allowance was within the power and discretion of the court under § 61.08(1) & (2), Fla. Stat.F.S.A. The record shows reasonable and adequate basis therefor. Previously, the wife had substantial earning capacity as a private nurse. Prior to the action, her husband had shot her, leaving four bullets lodged in her body. Her resultant disability substantially reduced her earning capacity, and she was on welfare. The wife presented evidence of need for support and the husband, although afforded opportunity to reveal his financial status, refused to do so. The appropriateness of the alimony as awarded is indicated by an unrefuted statement of the petitioner's attorney, made to the court, as follows:
* * * * * *
"She wants to go back to work. She wants to get off of welfare, and I feel that she must have this house in order to secure herself a decent place to live. She has been damaged, and it seems to me that this Court has recognized in the past that where the breakdown of the marriage is caused by the husband and the damages to the parties have been caused by the Defendant, that alimony should be awarded.
"And in this case the man has a limited means in which to pay alimony; one income that we are certain that the woman could use to rehabilitate herself would be her house."
* * * * * *
Affirmed.